UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**OSCAR CHAVEZ-ARRIETA**,

    Plaintiff,

v.

**Case No. _____**

**JOHN DOE, a/k/a "Michael P."
and "Mike Powers"**,

    Defendant.

**JURY TRIAL DEMANDED**

_____/

## COMPLAINT

Plaintiff Oscar Chavez-Arrieta ("Plaintiff" or "Mr. Arrieta") sues Defendant John Doe, also known as "Michael P." and "Mike Powers," for defamation, and alleges as follows:

## PARTIES AND JURISDICTION

1. This Court has jurisdiction over this civil action because the matter in controversy exceeds the sum of $75,000 and is between citizens of different States. 28 U.S.C. § 1332(a)(1).

2. Mr. Arrieta is the Executive Vice President, Latin America at SonicWall. He resides in Fort Lauderdale, Florida, and is domiciled and a citizen of Florida.

3. John Doe is a specific individual who has been using the fictitious name of "Michael P." and "Mike Powers" on LinkedIn and Instagram, respectively, to hide his true identity. Upon information and belief, John Doe is domiciled and a citizen of Texas or a state other than Florida.[1]

---

[1] While fictitious party pleading is generally not permitted in federal court, courts in this Circuit permit it where a party is sufficiently described to indicate that targeted discovery will likely uncover the party's identity and actual name. *See, e.g., Daleo v. Polk Cnty. Sheriff*, No. 8:11-CV-2521-T-30TBM, 2012 WL 1805501, at *5 (M.D. Fla. May 17, 2012); *Quad Int'l, Inc. v. Doe*, No.

4. The exercise of personal jurisdiction over John Doe is proper because John Doe committed tortious acts within Florida. *See* Fla. Stat. § 48.193(1)(a)(2). As alleged herein, for example, John Doe directed and published defamatory statements about Mr. Arrieta to third parties in Florida, including to Mr. Arrieta's former and current work colleagues, family members, and friends, and those statements were accessed by these third parties in Florida.

5. Venue is proper in this Court because a substantial part of the events giving rise to the defamation claim occurred in the Southern District. 28 U.S.C. § 1391(b)(2). The defamatory statements made by John Doe were published to and accessed by third parties in Florida, including by Mr. Arrieta's former and current colleagues, family members, and friends, and have harmed Mr. Arrieta's reputation in Fort Lauderdale, Florida, where he resides and works.

## FACTUAL ALLEGATIONS

6. Mr. Arrieta is a successful and accomplished executive with more than 20 years of experience in the cybersecurity industry.

7. Mr. Arrieta has held leadership positions at several technology security software companies, including Symantec, McAfee, Sophos, and Dell.

8. On or about May 8, 2023, Mr. Arrieta began working at SonicWall, a cybersecurity company, as the Executive Vice President of Latin America.

9. Shortly after Mr. Arrieta started at SonicWall, he became the target of a defamatory and harassing smear campaign by John Doe, who has hidden his true identity by using the aliases

---

CIV.A. 12-673-N, 2013 WL 105253, at *3 (S.D. Ala. Jan. 7, 2013) (allowing plaintiff to bring action against fictitious party defendant "for a reasonable period of time necessary to conduct discovery on that issue"). Here, John Doe is specifically described as the person behind the "Michael P." and "Mike Powers" accounts on LinkedIn and Instagram, respectively, who has posted the defamatory comments quoted herein on the specific social media pages described herein. Thus, Plaintiff should be afforded a reasonable, brief period to conduct limited discovery to confirm the identity of John Doe.

2

"Michael P." and "Mike Powers" on fake social media accounts.

10. Specifically, John Doe has made false statements that wrongly accuse Mr. Arrieta of stealing client information from his former employers, abusing his former employers' expense accounts, submitting false expense reports, and other workplace misconduct.

11. John Doe has published these false statements on various social media platforms, including LinkedIn and Instagram, on the public pages of Sophos Latin America and SonicWall LATAM, among others. These public pages are accessible by anyone, including third parties in Florida.

12. In fact, John Doe has specifically directed these false statements about Mr. Arrieta to Mr. Arrieta's former and current work colleagues in Florida and to his family and friends in Florida in order to harm Mr. Arrieta's professional and personal reputation.

13. John Doe's defamation of Mr. Arrieta includes the following statements, among others:

   a. In or about April 2023, the Sophos Latin America public LinkedIn page publicly shared a post about Mr. Arrieta, who participated in a podcast for the HAYS LinkedIn page. In or about June 2023, John Doe, as "Michael P.," publicly commented on the post, stating:

   > "Axel missed the part of how Oscar used the customer base of Symantec and McAfee illegally stolen by him to launch Sophos…It is interesting that Oscar resigns Sophos months after his new bosses enter, one ex-Symantec who knows how Oscar operates. Axel should reflect on whether interviewing a thief with zero ethics is correct."

   b. In or about May 2023, Mr. Arrieta posted a farewell message on his public Instagram page announcing his departure from Sophos and his new role with SonicWall. John Doe, as "Mike Powers," publicly commented on the post shortly thereafter, stating:

3

#230469117_v1

> "Goodbye to you, it's going to take years to clean the reputation of Sophos LATAM, you leave them with a reputation of lack of ethics, traitor, reports of false expenses."

c.      In or about May 2023, Mr. Alejandro Perez Pineda, who is a Regional Manager LATAM South for SonicWall and who works with Mr. Arrieta and other SonicWall employees in Florida, made a post on his public LinkedIn page announcing SonicWall's hiring of Mr. Arrieta. John Doe, as "Michael P.," publicly responded to the post shortly thereafter, stating:

> "What a shame for Sophos employees now they are going to have to explain to customers how SonicWall has all their information. . . Oscar says he is a disruptive executive... yes he is... he stole Symantec's customer base, and that of McAfee in the month he was there to enter Sophos with expiration dates, prices, contacts from all the businesses of these companies to offer a lower cost alternative. Who won't be successful like this? Obviously Symantec retired there was no one to confront Oscar. But the world turns around, the newly arrived new sales manager at Sophos is the former sales manager at Symantec and Oscar's party is over. Between bad results, there is no more juice in the bases after 7 years, Oscar had to sell, something he does not know how to do because he took the easy way, the theft of bases, adds the lack of ethics such as hiring relatives to Report him directly, abuse of the company's expense account is only surpassed by his vanity and image management. At Sophos it was said that he spent a lot of time on his bike than at work. Good luck Sophos, I'm giving renewal customers a month to receive pricey offers from Sonic just below."

d.      In or about May or June 2023, the Sophos Latin America public LinkedIn page featured a post about the Sophos Latin America team having participated in the Value Business Summit hosted by Intcomex. That same month, John Doe, as "Michael P.," publicly responded to the post with the following message:

> "defend Sophos...Oscar Chavez Arrieta already betrayed you... he is contacting clients in a massive way Sophos renewal offering SonicWall... how will you take advantage of the Symantec and McAfee bases that Oscar stole and brought now he continues with his." John Doe also asked to speak to Sophos's "ethics and fraud control. Many in Sophos Latam know that Sophos used client base stolen by Oscar."

e.      In or about August 2023, SonicWall LATAM posted a whitepaper on its public LinkedIn page regarding "CISO and CIO Investment Priorities for Cybersecurity in 2023."

4

#230469117_v1

Joe Doe, as "Michael P.," publicly commented on the post that same month:

> "excellent question…did your EVP Oscar Chavez already finish the process of debugging the customer bases and purchasing information, prices, contacts of Symantec, McAfee and Sophos that the theft but you say that they are from to promote Sonic to these customers?"

   f. In September 2023, John Doe's defamatory rampage intensified as "Michael P." publicly commented on more than 10 posts on the Sophos Latina America public LinkedIn page in one day, stating:

> "Its former VP, Oscar Chavez Arrieta is actively badmouthing Sophos and attacking Sophs and that he was the one who sold Sophos to IFX and named channel of the year 2023.  But what will they expect from Oscar.  He is a database thief and washes his hand of everything."

and

> "Oscar stole and actively used the Symantec and McAfee customer databases when he worked at these companies literally 60 days prior to joining Sophos.  Oscar is a thief."

  14. Each of the above statements were published by John Doe on Instagram and LinkedIn and are publicly accessible by anyone.

  15. John Doe directed the statements to Florida, where he knows Mr. Arrieta has colleagues, family, and friends.  And in fact, Mr. Arrieta's colleagues, family and friends in Florida accessed and saw these false statements on social media.

  16. John Doe's statements accusing Mr. Arrieta of theft and other workplace misconduct are false.

  17. John Doe's defamatory statements have caused Mr. Arrieta to suffer damages, including humiliation, mental anguish, and suffering and damage to his personal and professional reputation.

  18. John Doe continues to intentionally and with malice make defamatory statements about Mr. Arrieta.

## CAUSES OF ACTION

## COUNT I: DEFAMATION PER SE / DEFAMATION

19. Plaintiff repeats and realleges the allegations in paragraphs 1 through 18 above as if fully set forth herein.

20. As detailed above, John Doe, using the fictitious names "Michael P." and "Mike Powers," has—intentionally and with malice—published false and defamatory statements of fact on social media about Mr. Arrieta.

21. John Doe directed these false statements about Mr. Arrieta to Mr. Arrieta's colleagues, family, and friends in Florida and to the public as a whole, and the statements were accessed in Florida, among other places.

22. John Doe has known all along that his statements about Mr. Arrieta are false.

23. John Doe made the defamatory statements with malice to damage, among other things, Mr. Arrieta's reputation and his current and/or prospective business relationships with colleagues and customers.

24. John Doe's false statements constitute defamation *per se* because the statements subject Mr. Arrieta to distrust and disgrace and they also tend to injure Mr. Arrieta in his trade or profession. Among other things, the false statements accuse Mr. Arrieta of dishonest actions in and outside the workplace.

25. As a result of John Doe's defamatory statements, Mr. Arrieta has suffered, and will continue to suffer, damages that are estimated to exceed hundreds of thousands of dollars, if not millions of dollars, in emotional pain and suffering and economic losses.

#230469117_v1

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask this Court enter judgment against John Doe for compensatory and punitive damages, prejudgment interest, reasonable attorneys' fees and costs, and any such other relief as the Court deems appropriate under the circumstances.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all issues so triable.

Dated: October 4, 2023

Respectfully submitted,

HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131

By: *s/Jesus E. Cuza*
Florida Bar No. 428991
Email: jesus.cuza@hklaw.com
Monica Vila Castro
Florida Bar No. 0022976
Email: monica.castro@hklaw.com
Annelise Del Rivero
Florida Bar No. 1003234
Email: annelise.delrivero@hklaw.com

#230469117_v1